FILED
2017 Jul-28  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
7/27/2017 5:15 PM
01-CV-2017-903089.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01...<br><br>Date of Filing:<br>07/27/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**JOHNDALE BREW, AS NATURAL FATHER OF, MASON CALDWELL, DECEASED MINOR v. ARAMARK CORPOR**

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other   ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM<br>DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

| TUR060 | 7/27/2017 5:15:05 PM | /s/ DOUGLAS BRETT TURNBULL |
| --- | --- | --- |
| | Date | Signature of Attorney/Party filing this form |

---

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

ELECTRONICALLY FILED
7/27/2017 5:15 PM
01-CV-2017-903089.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **JOHNDALE BREW, as Natural** | ) | |
| **Father of, MASON CALDWELL,** | ) | |
| **Deceased Minor** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-2017-_____** |
| | ) | |
| **ARAMARK CORPORATION, a** | ) | |

**corporation and No. 1,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which owned, leased or was otherwise in possession or control of the vehicles being driven by JOHN DOE on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 2,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which employed or who or which was the employer of JOHN DOE on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 3,** whether singular or plural, that entity or those entities, including, but not limited to, the drivers of the commercial motor vehicles whose negligence caused the wrongful death of Mason Caldwell on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 4,** whether singular or plural, that entity or those entities, including, but not limited to, the drivers of the commercial motor vehicles whose wantonness, recklessness or willfulness caused the wrongful death of Mason Caldwell on the occasion forming the basis of the Plaintiff's Complaint; **No. 5,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities who or which was the master, principal or employer of the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; **No. 6,** whether singular or plural, that entity or those entities for whom the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint were performing a duty or service at the time of the incident; **No. 7,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities on whose behalf the commercial motor vehicles involved in the collision forming the basis of this lawsuit were being operated at the time of the incident forming the basis of the Plaintiff's Complaint; **No. 8,** whether singular or plural, that entity or those entities that selected, hired, trained, supervised or retained the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; **No. 9,** whether singular or plural, that entity or those entities who or which are responsible for the negligent or wanton hiring, training or supervision of the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; **No. 10,** whether singular or plural, that entity or those entities that issued any policy of insurance that provided coverage for the Plaintiff's injuries received as a result of the incident forming the basis of the Plaintiff's Complaint, including, but not limited to, uninsured/underinsured motorist coverage, secondary, "umbrella," and/or excess insurance coverage; **No. 11,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the drivers or the owners of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; **No. 12,** whether singular

or plural, that entity or those entities who or which are the successor-in-interest of any of the entities described herein; **No. 13,** whether singular or plural, that entity or those entities who or which are the predecessor-in-interest of any of those entities described herein; **No. 14,** whether singular or plural, that entity or those entities whose negligent, wanton, reckless or willful conduct caused or contributed to cause the collision forming the basis of the Plaintiff's Complaint; **No. 15,** whether singular or plural, that entity or those entities that maintained the commercial motor vehicles and whose negligence, wantonness, recklessness or willfulness caused or contributed to cause the wrongful death of Mason Caldwell; and **No. 16,** whether singular or plural, that entity or those entities that either sold, gave or otherwise provided intoxicating beverages to the drivers of the commercial motor vehicles involved in the collision forming the basis of the Plaintiff's Complaint; John Doe, being that person who was the driver of any vehicle that collided with the vehicle occupied by Mason Caldwell on the date of the incident forming the basis of Plaintiff's Complaint. The Plaintiff avers that that identities of the fictitious parties Defendant are otherwise unknown to the Plaintiff at this time, or if their names are known, their identities as proper parties Defendant are not known to the Plaintiff at this time, but their true names will be substituted by amendment when ascertained,

|  |  |
|---|---|
| **Defendants.** | ) |
|  | ) |

## COMPLAINT

COMES NOW Plaintiff, Johndale Brew, as natural father of, Mason Caldwell, deceased minor, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

## Parties

1. Plaintiff Johndale Brew, as natural father of, Mason Caldwell, age 1 ½, deceased minor, is an adult resident citizen of Jefferson County, Alabama.

2. Defendant ARAMARK CORPORATION is, upon information and belief, a foreign corporation with its principal place of business in Philadelphia, Pennsylvania.

3. At the time of the collision forming the basis of this civil action, Defendant ARAMARK CORPORATION was operating in and doing business in the State of Alabama.

4. On or about July 24, 2017, Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and designated as JOHN

DOE, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, operated, owned and/or leased, maintained and controlled the commercial motor vehicle involved in a collision with a vehicle occupied by the deceased minor child, Mason Caldwell.

5.     This Complaint is brought against all employees and agents of Defendant, ARAMARK CORPORATION, and one or more of the fictitious parties Defendant listed and described herein and designated as JOHN DOE, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and designated as JOHN DOE, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and designated as JOHN DOE, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

6.     Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and designated as JOHN DOE, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 as a legal entity, can only act through its officers, employees and agents.  As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and designated as JOHN DOE, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 are responsible for its tortious acts or omissions that are the direct and proximate cause of death to Plaintiff, Mason Caldwell.

**Factual Allegations**

7.     The Plaintiff adopts and incorporates paragraphs one (1) through six (6) as if fully set out herein.

8.     On or about July 24, 2017, decedent, Mason Caldwell, was a passenger in a vehicle that was Southbound on I-65 in Jefferson County, Alabama, at or near the 16th Street exit in Birmingham, Alabama.

9.     At the same time and place, JOHN DOE was operating a commercial motor vehicle that was leased and/or owned by Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was also Southbound on I-65 in Jefferson County, Alabama, at or near the 16th Street exit in Birmingham, Alabama.

10.     At the same time and place, JOHN DOE was employed by and was acting within the line and scope of his/her employment as a driver and hauler working for the commercial benefit of Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

11.     At the same time and place, JOHN DOE caused and/or allowed his/her commercial vehicle to collide with the vehicle occupied by decedent, Mason Caldwell.

12.     As a direct and proximate consequence of the collision described herein, the decedent, Mason Caldwell, was killed.

**Count One**
**Wrongful Death of Mason Caldwell**

13.     The Plaintiff adopts and incorporates paragraphs one (1) through twelve (12) as if fully set out herein.

4

14.     This claim is brought pursuant to the Code of Alabama § 6-5-410 (2005), which provides the personal representative of a deceased with a cause of action for the wrongful act, omission, or negligence causing death.

15.     At the times set forth hereinabove, the Defendants, ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and designated as John Doe, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 hereinabove, negligently, recklessly, wantonly, and/or wrongfully acted or failed to act, thereby causing the death of Mason Caldwell.

16.     As a direct and proximate consequence of the above-described negligent, reckless, wanton, and/or wrongful conduct, Plaintiff's decedent, Mason Caldwell, was fatally injured.

## Count Two
### Negligence/Gross Negligence/Willfulness

17.     The Plaintiff adopts and incorporates paragraphs one (1) through sixteen (16) as if fully set out herein.

18.     At the time of the collision forming the basis of this civil action, JOHN DOE and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a duty to refrain from operating a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

19.     JOHN DOE, while acting at all times in the line and scope of his/her employment with Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, breached his/her duty by negligently, wantonly, recklessly or willfully causing or allowing his/her commercial motor vehicle to collide with the vehicle occupied by decedent, Mason Caldwell, including, but not limited to, the following conduct:

a.    Failing to ensure that he/she had adequate line-of-sight of other vehicles and obstructions in his/her path;

b.    Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

c.    Failing to yield the right-of-way to the Plaintiff;

d.    Operating his/her commercial motor vehicle without adequate training, experience and qualification; and

e.    Failing to provide the proper attention for the operation of the commercial motor vehicle so as to be distracted while driving on a public highway.

20.    As a direct and proximate consequence of the conduct of JOHN DOE and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, decedent, Mason Caldwell, was killed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Johndale Brew, as natural father of, Mason Caldwell, deceased minor, requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendants and one or more of the fictitious parties Defendant listed and described herein and designated as John Doe, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for punitive damages in an amount that will adequately reflect the enormity of Defendants' wrongful conduct and will effectively deter Defendants and others from committing similar wrongful acts in the future.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

### Count Three
### *Respondeat Superior*
### (ARAMARK CORPORATION)

21.    The Plaintiff adopts and incorporates paragraphs one (1) through twenty (20) as if fully set out herein.

22.    At the time and place of the collision forming the basis of this civil action, Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 were the principal, master and/or employer of JOHN DOE.

23.    At the time and place of the collision forming the basis of this civil action, JOHN DOE was the agent, servant and/or employee of Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

24.    At the time and place of the collision forming the basis of this civil action, JOHN DOE was acting within the line and scope of his/her employment with Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was operating a commercial motor vehicle in furtherance of the business purposes of Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

25.    As a result of the foregoing, Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, as principals, are vicariously liable to Plaintiff Johndale Brew, as natural father of, Mason Caldwell, deceased minor, for the negligent, wanton, reckless or willful conduct of JOHN DOE, as agent, which proximately caused the death of decedent, Mason Caldwell.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Johndale Brew, as natural father of, Mason Caldwell, deceased minor, requests that the jury selected to hear this case render a

verdict for the Plaintiff and against Defendant ARAMARK CORPORATION and one or more of

the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9,

10, 11, 12, 13, 14, 15 and 16 for punitive damages in an amount that will adequately reflect the

enormity and wrongfulness of the Defendants' conduct and deter similar future conduct by

Defendants and others.   Furthermore, the Plaintiff requests that the Court enter a judgment

consistent with the jury's verdict, together with interest from the date of the judgment and the

costs incurred in prosecuting this lawsuit.

**Count Four**
**Negligent Hiring, Training, Retention & Supervision**
**(ARAMARK CORPORATION)**

26.     The Plaintiff adopts and incorporates paragraphs one (1) through twenty-five (25),

as if fully set out herein.

27.     At all times relevant to the events forming the basis of this civil action, Defendant

ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and

described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed a duty

to Plaintiff Johndale Brew, as natural father of, Mason Caldwell, deceased minor, and to the

other members of the motoring public, to exercise reasonable care in:

      a.     Hiring and retaining their drivers;

      b.     Providing training and instruction to their drivers;

      c.     Properly supervising their drivers;

      d.     Complying with federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

      e.     Ensuring that their drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

e.      Establishing safe procedures for the operation of their commercial motor vehicles; and

f.      Inspecting, maintaining and repairing their commercial motor vehicles.

28.     At all times relevant to the events forming the basis of this civil action, Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached the duties set forth above by failing to use reasonable care in the:

a.      Hiring of their drivers, employees or agents, including JOHN DOE;

b.      Training of their drivers, employees or agents, including JOHN DOE;

c.      Retention of their drivers, employees or agents, including JOHN DOE;

d.      Supervision of its business operations, by failing to properly monitor the driving habits and records of their drivers, employees or agents in a manner consistent with accepted industry practices, including JOHN DOE;

e.      Instruction of their drivers, employees or agents, including JOHN DOE

f.      Supervision of their drivers, employees or agents, including JOHN DOE;

g.      Entrustment of a commercial vehicle to their drivers, employees or agents, including JOHN DOE;

h.      Inspection of their commercial motor vehicles;

i.      Proper execution of their business practices and procedures;

j.      Compliance with state and federal regulations;

k.      Enforcement of their drivers', employees' or agents' compliance with state and federal regulations, including JOHN DOE;

l.      Utilization of available information to properly monitor their drivers, employees or agents, including JOHN DOE, for compliance with company policies, rules of the road, state regulation and federal regulations; and

m.   Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

29.   As the entity that employed and controlled JOHN DOE, Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

30.   As a proximate consequence of Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of JOHN DOE, decedent, Mason Caldwell was killed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Johndale Brew, as natural father of, Mason Caldwell, deceased minor, requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendants' conduct and deter similar future conduct by Defendants and others.   Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Five
### Negligence *Per Se*

31.   The Plaintiff adopts and incorporates paragraphs one (1) through thirty (30), as if fully set out herein.

32.     Under the Federal Motor Carrier Safety Regulations, Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed the general public, including decedent, Mason Caldwell, a duty to determine the qualifications of its employees, including, but not limited to, (a) adequately evaluating applicants before hiring them as commercial drivers, and (b) adequately evaluating these persons' performance, including thorough training and supervision, so as to discharge any incompetent or negligent applicant/employee before he injures any member of the motoring public.

33.     Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a statutory duty to properly screen its applicants for employment.  Under the Federal Motor Carrier Safety Regulations, Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had numerous statutory duties, including, but not limited to, the following:

a.      To ensure the general qualifications of any driver it permitted to operate one of its tractor-trailers.  **49 C.F.R. §391.11 & §391.15**;

b.      To ensure that a driver it permitted to operate one of its tractor-trailers possessed the requisite familiarity with the proper location, distribution and securement of his cargo.  **49 C.F.R. §391.13**;

c.      To obtain a completed employment application before permitting an applicant to operate one of its tractor-trailers.  **49 C.F.R. §391.21**;

d.      To fully investigate a driver's employment history by all reasonable means.  **49 C.F.R. §391.23(d)-(k)**;

e.      To fully investigate the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment.  **49 C.F.R. §391.23(a)-(c)**;

f.    To properly conduct an annual inquiry and review of a driver's driving record.  **49 C.F.R. §391.25**;

g.    To properly obtain records of all violations of motor vehicle traffic laws for each of its drivers every twelve (12) months.  **49 C.F.R. §391.27**;

h.    To require a successfully completed road test before commencing employment and permitting an applicant to operate one of its tractor-trailers.  **49 C.F.R. §391.31**;

i.    To ensure the physical and medical qualifications of its applicants.  **49 C.F.R. §§391.41-391.49**;

j.    To maintain an appropriate driver qualification file for each of its drivers. **49 C.F.R. §391.51**;

k.    To maintain an appropriate driver investigation history file for each of its drivers.  **49 C.F.R. §391.53**; and

l.    To operate its commercial motor vehicles within the operating authority granted to it by the U.S. Department of Transportation Federal Motor Carrier Safety Administration.  **Form OP-1**.

34.    Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached each of these statutory obligations and permitted JOHN DOE to operate its commercial motor vehicles after negligible efforts, if any, to determine whether JOHN DOE was competent and fit to drive its commercial motor vehicles.

35.    Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a duty to comply with the Federal Motor Carrier Safety Regulations so as to protect the general public, including decedent, Mason Caldwell, from the unsafe operation of commercial motor vehicles hauling cargo in interstate commerce.  Decedent, Mason Caldwell belongs to the class of persons that the Federal Motor Carrier Safety Regulations were intended

to protect, and the death of decedent, Mason Caldwell was one of the types of injuries that the federal safety regulations were specifically intended to prevent.

36.     Decedent, Mason Caldwell's death was proximately caused by Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the statutory obligations referenced in paragraph thirty-four (34), above.  If it had properly screened JOHN DOES' background, Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 would not have hired or retained him as a commercial driver, and this incident would not have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Johndale Brew, as natural father of, Mason Caldwell, deceased minor, requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant ARAMARK CORPORATION and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct by Defendants and others.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

**Dated:** This, the 27th day of July, 2017.


/s/ D. Brett Turnbull
D. Brett Turnbull (TUR060)
G. Rick DiGiorgio (DIG002)
Attorneys for the Plaintiff

**OF COUNSEL:**
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, Alabama 35205
P (205) 271-7149
F (205) 324-7896
bturnbull@corywatson.com
rdigiorgio@corywatson.com


**PLAINTIFFS HEREBY DEMAND A TRIAL BY STRUCK JURY.**


 */s/ D. Brett Turnbull*
OF COUNSEL


**TO CLERK:  PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**


ARAMARK CORPORATION
c/o CT Corporation System
1515 Market Street Ste. 1210
Philadelphia, PA 19103-0

ELECTRONICALLY FILED
7/27/2017 5:15 PM
01-CV-2017-903089.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **JOHNDALE BREW, as Natural Father of, MASON CALDWELL, Deceased Minor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: CV-2017-_____** |
| ) | |
| **ARAMARK CORPORATION, a corporation,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST COMBINED DISCOVERY REQEUSTS TO DEFENDANT ARAMARK CORPROATION

Plaintiff hereby serves these First Combined Discovery Requests upon the Defendant, ARAMARK CORPORATION, to be answered under oath in accordance with *Alabama Rules of Civil Procedure* 26, 33 and 34. These combined discovery requests shall be deemed continuing so as to require supplemental answers if the person to whom the request is addressed obtains further information between the time the answers are served and the time of trial. Each request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of the Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

## DEFINITIONS

NOTE A: Any reference to "you," "your," "this Defendants," "these Defendants" or any other similar reference shall be construed to acknowledge and/or otherwise identify Defendant ARAMARK CORPORATION, as identified in the Plaintiff's Complaint.

NOTE B: These interrogatories and requests for production of documents shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendants or this Defendants' attorney subsequent to the original response. Any such supplemental

1

answers are to be filed and served upon counsel for the Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE C:      If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such documents compromising said file) by title, along with a short description of its subject matter.

NOTE D:      The terms "Plaintiff," "Plaintiffs" and/or "Plaintiff's" refers to decedent, Mason Caldwell, in his individual capacity on or about the date of the injury giving rise to the present lawsuit.

## INTERROGATORIES

1.      State the full name, residence address, telephone number and relation (if any) to the Defendants in this case of all people who assisted in any way to answer these Interrogatories.

2.      Has the Defendant been identified properly?  If not, please identify the proper name and state whether the Defendant is a common carrier, contract carrier or private carrier.

3.      Is the Defendant owned by or a subsidiary of another company, entity or person? If so, identify the company, entity or person by proper name and address.

4.      State the full name and current address of the driver of the commercial motor vehicle involved in the collision made the basis of this lawsuit.

5.      State the full name and current residence address of each person who witnessed or claims to have witnessed the collision forming the basis of this lawsuit.

6.      Identify the Defendant's Safety Director at the time of the collision forming the basis of this lawsuit, and identify the Defendant's Safety Director now.

7.      Identify with particularity the make, type, year, DOT number, and registration of the commercial motor vehicle operated by the Defendant's driver on the date forming the basis of this lawsuit.

8.      Describe the driver's trip on the date of the collision forming the basis of this lawsuit, including the point of origin, the destination, any stops and the purpose of the trip.

2

9.     State whether the commercial motor vehicle involved in this crash was transporting a load of cargo at the time of the incident, and if so, identify the load, the scheduled delivery time & date, and identify the names and addresses of all shippers and consignees.

10.     Identify all owners, lessors and lessees of the commercial motor vehicle involved in the collision forming the basis of this lawsuit, providing the name, address and interest in the commercial motor vehicle.

11.     Identify all policies of liability insurance effective on the date of the collision forming the basis of this lawsuit, including MCS-90 endorsements, policies that provide excess or umbrella coverage, which may provide coverage for this claim.  For each such policy, identify the name of the company providing coverage, the policy number(s), the effective period(s) and the maximum liability limit(s) for each person and each occurrence, including property damage and medical payments coverage.

12.     Describe all traffic citations the Defendant driver received for a period of five (5) years before the collision forming the basis of this lawsuit, including the violation for which he was cited, the disposition of the citation, the state and court and whether the violation was in a commercial or personal vehicle.

13.     State whether the Defendant or anyone acting on the Defendant's behalf has had any conversations with any witness or potential witness at any time with regard to the collision forming the basis of this lawsuit.  If so, state:

        a.     The date or dates of such conversations;
        b.     The people present for such conversations;
        c.     Whether a statement was written or recorded; and
        d.     Who has possession of the statement if written or recorded.

14.     State whether the individual responding to these Interrogatories has ever been convicted of a misdemeanor involving dishonesty or false statement or a felony of any kind.  If

so, state the nature of the crime, the date of conviction and the court in which the conviction occurred.

15.     Identify all policies, procedures, manuals and/or guidelines that the Defendant's driver was required to comply with on the date of the collision forming the basis of this lawsuit.

16.     Identify all previous employers for which/whom the driver of the commercial motor vehicle involved in this crash has operated a commercial motor vehicle, including the name, address and telephone number of each employer.

17.     Describe all training provided by the Defendant to the driver involved in the collision forming the basis of this lawsuit.

18.     State whether any discipline or adverse action was imposed on the Defendant's driver as a result of the collision forming the basis of this lawsuit.  If so, describe the action with particularity.

19.     Identify all inspections performed on the commercial motor vehicle involved in the collision forming the basis of this lawsuit for one (1) year prior to the collision.  For each such inspection, identify whether the inspection revealed any defects, and describe any such defects with particularity.

20.     State whether the driver of the commercial motor vehicle involved in the collision forming the basis of this lawsuit had, on the date of the collision and during the five (5) years prior to the collision, a medical or physical condition that required a physician's report or letter of approval to drive a commercial motor vehicle.  If so, state the nature of the condition, the date of diagnosis and identify the treating physician by name and address.

21.     State whether Defendant was aware of any evidence that the driver consumed any alcohol within thirty-six (36) hours of the collision forming the basis of this lawsuit.  If so,

identify the type and quantity of alcohol consumed, where the alcohol was consumed and who was present with the driver when the alcohol was consumed.

22.     State whether the driver consumed any medication or illegal drugs in the thirty-six (36) hours prior to the collision.  If so, identify the evidence, including the type and quantity of the substance consumed, and, for all prescription medications, the name and address of the prescribing physician.

23.     State the name and address of each witness who will testify at trial in this case.

24.     State whether there were any other occupants of the Defendant driver's vehicle at the time of the collision forming the basis of this lawsuit.  If so, identify each such occupant by name and address.

25.     State all federal motor carrier numbers and/or DOT numbers issued to the Defendant.

26.     Identify each expert witness you intend to call at the trial of this lawsuit, and provide a full summary of the information required by *Alabama Rule of Civil Procedure* 26 for each such expert witness.

27.     Identify each step in the hiring process taken by the Defendant at the time the driver was hired.

28.     State whether the commercial motor vehicle was equipped, at the time of the collision forming the basis of this lawsuit, with a GPS, satellite communication and/or e-mail communication device.  If so, identify the make and model of the system.

29.     State whether the commercial motor vehicle involved in the crash has an on-board computer or a device used for generating service logs or for the purpose of log auditing.  If so, identify the computer and software used.

30.    State whether the commercial motor vehicle was equipped with any kind of on-board recording device, whether such device is designed to record data, audio or video.  If so, state the type of device and what information is capable of being recorded by the device.

## REQUESTS FOR PRODUCTION

1.    Produce all existing maintenance, inspection and repair records/work orders pertaining to the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

2.    Produce all existing daily driver inspection reports for the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

3.    Produce the driver's complete personnel file.

4.    Produce the driver's complete human resources file.

5.    Produce the driver's complete driver qualification file.

6.    Produce the driver's complete medical qualification file.

7.    Produce a legible color copy of the driver's commercial driver's license, front and back.

8.    Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the interior or exterior of the vehicles involved in the collision forming the basis of this lawsuit.

9.    Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the scene of the collision forming the basis of this lawsuit.

10.    Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the Plaintiff generated pursuant to surveillance of the Plaintiff.

11.    Produce the driver's post-collision alcohol and drug testing results.

12.     Produce any lease contracts covering the driver, any other Defendant or the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

13.     Produce any post-collision maintenance, inspection, repair records or invoices pertaining to the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

14.     Produce all service logs, official or unofficial, pertaining to the Defendant driver for the thirty (30) days prior to and the thirty (30) days after this incident, including the date of the incident.

15.     Produce all records pertaining to the driver or the commercial motor vehicle involved in the collision for the day of this collision and the seven (7) day period preceding the collision, consisting of all "supporting documents" you are required to maintain under 49 C.F.R. §395.8(k) and subsequent guidance and interpretation concerning said documents.

16.     Produce all DOT inspection reports filed concerning the Defendant driver for the year of the incident, three (3) years prior to the incident and three (3) years after the incident.

17.     Produce all DOT and state inspection reports pertaining to the commercial motor vehicle involved in this incident for the year of the incident and the year prior to the incident.

18.     Produce any emails, electronic messages, letters, memos, correspondence or other communications generated by or received by any Defendant and pertaining in any way to this collision.

19.     Produce any drivers' manuals, guidelines, rules or regulations given to drivers by any Defendant in the years 2016 and 2017.

20.     Produce any reports, memos, notes, logs or other documents evidencing complaints about the driver involved in the collision forming the basis of this lawsuit.

21.     Produce any downloadable data retrieved from any satellite tracking system, satellite communications system or other such similar module for the seven (7) days prior to the incident and including the day of the incident.

22.     Produce all OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS and other similar systems' data for the date of the incident and for the six (6) months prior to the collision pertaining to this commercial motor vehicle.

23.     Produce all data recorded by any kind of video recording system, such as DriveCam, Safety Vision or other such systems, pertaining to this commercial motor vehicle for the seven (7) days prior to the incident and including the day of the incident.

24.     Produce all data recorded by any kind of accelerometer recording system, including the "Witness" system, for the seven (7) days prior to the incident and including the day of the incident.

25.     Produce all data recorded by the Electronic Control Module (ECM) for the seven (7) days prior to the incident and including the day of the incident, including all possible retrievable data and the clock calibration files.

26.     Produce all data recorded by any Airbag Control Module (ACM), Powertrain Control Module (PCM), Roll Over Sensor (ROS) or Anti-Lock Brake System (ABS) module for the seven (7) days prior to the incident and including the day of the incident.

27.     Produce all data recorded by any Event Data Recorder (EDR) for the seven (7) days prior to the incident and including the day of the incident.

28.     Produce all diagrams, surveys, sketches or reproductions of the vehicles or the scene of the collision forming the basis of this lawsuit.

29.     Produce all manuals, statutes, standards, guidelines, rules, regulations or procedures that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

30.     Produce all books, texts, publications, journals, pamphlets, treatises or other documents that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

31.     Produce all documents, exhibits or other tangible or demonstrative evidence that the Defendant will introduce into evidence, use at a deposition or use at trial in this case.

32.     Produce all documents pertaining to any arrests or convictions of the driver.

33.     Produce all documents pertaining to medications being taken by or prescribed to the driver of the commercial motor vehicle in this case.

34.     Produce all accident reports, police reports and/or investigation reports regarding the collision forming the basis of this lawsuit.

35.     Produce all training or instructional videotapes, CD's, DVD's, electronic modules, books or other documents or materials used by the Defendant to train any of its drivers at any time during the five (5) years prior to the collision forming the basis of this lawsuit.

36.     Produce a copy of all wrecker and/or tow truck records pertaining to the vehicle operated by the driver at the time of the collision forming the basis of this lawsuit.

37.     Produce a copy of the truck and trailer title, licenses and registration for the vehicle being operated at the time of the collision forming the basis of this lawsuit.

38.     Produce a copy of any placards displayed on the commercial motor vehicle being operated at the time of the collision forming the basis of this lawsuit.

39.     Produce a copy of any and all primary and excess insurance policies, including applications, renewal applications, binders, declarations, endorsements and riders, which may provide any coverage for the collision forming the basis of this lawsuit.

40.     Produce all documents pertaining to the purchase or lease of the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

41.     Produce all documents pertaining to any disciplinary actions taken against the driver of the commercial motor vehicle involved in the collision forming the basis of this lawsuit at any time during the three (3) years prior to the collision.

42.     Produce all documents pertaining to the Defendant's policies and procedures relating to alcohol and drug testing of drivers.

43.     Produce all statements, whether written, summarized and/or recorded on audio or video, taken of the Plaintiff at any time subsequent to the collision forming the basis of this lawsuit.

44.     Produce all cell phone records pertaining to calls made or received by the driver on the date of the collision forming the basis of this lawsuit; alternatively, state the name of the driver's cell phone provider and the phone number and account number assigned by the cell phone provider, including any cell phone owned/leased by Defendant.

45.     Produce copies of all resumes or similar documents setting forth the educational background and qualifications of each expert witness expected to testify at the trial of this case.

46.     Produce copies of all documents or other materials the Defendant has obtained or will obtain during the course of this litigation by Rule 45 subpoena(s).

47.     Produce a copy of the entire personnel file and any medical file regarding the driver of the commercial motor vehicle involved in this incident.

**Dated:** This, the 27th day of July, 2017.

/s/ D. Brett Turnbull
D. Brett Turnbull (TUR060)
G. Rick DiGiorgio (DIG002)
Attorneys for the Plaintiff

10

**<u>OF COUNSEL</u>:**
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, Alabama 35205
P (205) 271-7149
F (205) 324-7896
bturnbull@corywatson.com
rdigiorgio@corywatson.com

**TO BE SERVED WITH THE COMPLAINT**



AlaFile E-Notice

01-CV-2017-903089.00

To: DOUGLAS BRETT TURNBULL
bturnbull@corywatson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHNDALE BREW, AS NATURAL FATHER OF, MASON CALDWELL, DECEASED MINOR V.
01-CV-2017-903089.00

The following complaint was FILED on 7/27/2017 5:15:28 PM

Notice Date:     7/27/2017 5:15:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903089.00

To:  ARAMARK CORPORATION
C/O CT CORPORATION SYSTEM
1515 MARKET ST. STE. 1210
PHILADELPHIA, PA, 19103

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JOHNDALE BREW, AS NATURAL FATHER OF, MASON CALDWELL, DECEASED MINOR V.
01-CV-2017-903089.00

The following complaint was FILED on 7/27/2017 5:15:28 PM

Notice Date:      7/27/2017 5:15:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2017-903089.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOHNDALE BREW, AS NATURAL FATHER OF, MASON CALDWELL, DECEASED MINOR V.

**NOTICE TO:** ARAMARK CORPORATION, C/O CT CORPORATION SYSTEM 1515 MARKET ST. STE. 1210, PHILADELPHIA, PA 19103

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DOUGLAS BRETT TURNBULL

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2131 Magnolia Avenue S, Suite 200, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOHNDALE BREW, AS NATURAL FATHER OF, MASON CALDWELL, DECEASED MINOR

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 7/27/2017 5:15:28 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ DOUGLAS BRETT TURNBULL

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____  _____  _____

*(Type of Process Server)*       *(Server's Signature)*       *(Address of Server)*

_____  _____

*(Server's Printed Name)*       *(Phone Number of Server)*